**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

TERRANCE L. BLAND                                                               PLAINTIFF

v.                      Case No. 4:11-cv-862-JMM-JTK

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                         DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff Terrance L. Bland has appealed the final decision of the Commissioner of the Social Security Administration (SSA) denying his claim for Disability Insurance Benefits (DIB) based on disability.[1] Plaintiff has filed a Motion for Summary Judgment or for Remand and Memorandum in Support (DE ## 15, 16). Defendant thereafter filed a Brief.

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The case is now ready for decision.

Plaintiff alleged disability due to posttraumatic stress disorder (PTSD), depression, arthritis in both hands, traumatic brain and spinal cord injuries, right knee problems, and insomnia. (Tr. 136) The Commissioner found that Plaintiff was not disabled within the meaning of the Social Security Act (the Act). The only issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled within the meaning of the Act is supported by substantial evidence.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

After consideration of the record as a whole, the Court finds that the Motion for Summary Judgment (DE #15) should be denied. The Commissioner's decision to deny benefits is supported by substantial evidence.

## I. Introduction

Plaintiff filed an application for benefits on September 14, 2009, alleging a disability onset date of October 1, 1999. (Tr. 131) Disability Determination Services (DDS) denied the claims initially and upon reconsideration, and Plaintiff timely requested a hearing before

an Administrative Law Judge (ALJ). On August 4, 2010, Plaintiff appeared at the hearing with his wife. A vocational expert (VE) was also present.

Following the hearing, the ALJ issued an unfavorable decision dated September 21, 2010. (Tr. 6-16) Plaintiff appealed the unfavorable hearing decision to the Appeals Council, and on November 8, 2011, the Appeals Council denied the request for review (Tr. 1-3), making the September 2010 hearing decision the final decision of the Commissioner. Having exhausted his administrative remedies, Plaintiff timely filed this civil action. (DE #2, Complaint)

## II. Procedural History and ALJ Findings

Plaintiff was born on January 2, 1979 (Tr. 33, 186), and he was 31 years old at the time of the hearing decision (Tr. 10). He completed the twelfth grade, and obtained his associate degree in computer networking. (Tr. 144) Plaintiff served in the U.S. Marine Corps and has past relevant work experience as a communications technician. (Tr. 33-36)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.[2] He found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2006. (Tr. 10) Plaintiff worked at the substantial gainful activity level from 1998 through December 31, 2001. Id. The ALJ determined Plaintiff had the severe impairments of degenerative disc disease, patellofemoral syndrome of the left knee, anxiety, somatization disorder secondary to depression and personality disorder. Id. However, none of these conditions, alone or in combination, met or equaled

---

[2]The five steps of the sequential process are as follows:(1) whether the claimant is involved in substantial gainful activity; (2) whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement; if so (3) whether the severe impairment(s) meets or equals a listed impairment; if not, (4) whether the claimant has sufficient residual functional capacity (RFC) to perform past relevant work; and if not, (5) whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. 20 C.F.R. § 404.1520.

a listing. (Tr. 13)

The ALJ, in assessing credibility, found that Plaintiff's impairments could reasonably be expected to produce pain and other symptoms but that the alleged severity of these symptoms and the effect they have on Plaintiff's ability to work were not fully supported by the record. (Tr. 11-13) The ALJ found Plaintiff capable of a wide range of light work as defined in 20 C.F.R. § 404.1567(b).[3] He further found Plaintiff retained the ability to understand, remember, and carry out complex job instructions; make judgments in simple work-related situations; respond appropriately to coworkers and supervisors so long as contact is limited and not necessary to perform the job; perform a job that does not involve contact with the general public; and respond appropriately to minor changes in the usual work situation. (Tr. 14) The ALJ determined Plaintiff could not perform his past relevant work but that work existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 14-15, 53-55) Therefore, the ALJ concluded that Plaintiff was not disabled. (Tr. 16)

### III. Discussion

A. <u>Notice of Right to Representation</u>

Plaintiff appeared at the administrative hearing without representation. Plaintiff argues that the ALJ made "no specific response," to his claims that he had not seen the records in his file and that did not know how to operate the compact disc sent to him by Social Security. His counsel suggests that this gives "some suggestion that Plaintiff may not have been fully aware of his rights under the Social Security Act, as amended, and his

---

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b)

procedural due process rights." (DE #16, Plaintiff's Memorandum in Support of Motion for Summary Judgment or Remand, at p. 5). The Court disagrees.

The Eighth Circuit Court of Appeals has clearly held that a claimant is properly advised of their right to representation when such notice is included in a notice of hearing or other documents given to the claimant prior to the hearing. Wingert v. Bowen, 894 F.2d 296, 298 (8th Cir. 1990) (holding that claimant was properly advised of his right to employ counsel because the SSA's notice of hearing "clearly explain[ed] a claimant's right to counsel"); Huddle v. Barnhart, 143 F. App'x 721, 722 (8th Cir. 2005) (claimant was properly advised of right to counsel "when her [disability insurance benefits] application was initially denied and again when she received notice of her hearing") (citing Wingert, 894 F.2d at 298).

Plaintiff was notified of his right to have a representative, including an attorney, on at least three occasions–in a letter dated May 14, 2010, related to his request for a hearing (Tr. 70-76); in the June 12, 2010, notice of hearing (Tr. 77-885); and at the outset of the administrative hearing (Tr. 23-25). It also appears that Plaintiff may have signed a waiver. (Tr. 24) Further, when Plaintiff acknowledged at the hearing that he did not see all of the evidence that he sent, the ALJ took the time to go through the evidence of record. (Tr. 25-30) After going through the evidence, the ALJ asked Plaintiff if he had any questions about the evidence or if there was anything missing; Plaintiff responded "No." (Tr. 30) Therefore, the Court finds that Plaintiff was adequately informed of his right to obtain a representative.

B. Consideration of all record evidence and step three determination

Plaintiff claims the ALJ failed to discuss and address much of the evidence of record in sufficient detail. He also asserts that the ALJ failed to consider the 1999 psychological report of Paul Rousseau, Ph.D. (Tr. 509-14). Further, he claims the ALJ failed to consider all of his impairments in combination "because he did not even consider all of the impairments prior to the date Plaintiff was last insured in December, 2006." (DE #16,

Plaintiff's Memorandum in Support of Motion for Summary Judgment or Remand, at p. 6-7)

The ALJ did consider the record evidence, and Plaintiff concedes as much when he acknowledges that "[the ALJ] mentioned the exhibit numbers that constitutes [sic] the bulk of the medical evidence." Id. In any event, the ALJ is not required to detail every piece of evidence, and a failure to cite Plaintiff's full history does not mean it was not considered. Wheeler v. Apfel, 224 F.3d 891, 895 n.3 (8th Cir. 2000); Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998). Further, as noted by the five-step sequential evaluation process mentioned above, the ALJ is required to determine whether the combined effect of a claimant's impairments render him disabled. The ALJ appropriately considered each of Plaintiff's impairments supported by the record.

C. Credibility

Plaintiff argues next that the ALJ was required to make a detailed credibility finding pursuant to Social Security Ruling 96-7p and that the ALJ failed to do so because (1) he did not discuss the testimony of Plaintiff's spouse, (2) he did not discuss the side effects of Plaintiff's medication, and (3) he did not acknowledge that Plaintiff's daily activities were rather restricted. (DE #16, Plaintiff's Memorandum in Support of Motion for Summary Judgment or Remand, at p. 9-11)

In considering the credibility of a claimant's subjective complaints, an ALJ must consider the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as the following: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). However, the ALJ is "not required to discuss each Polaski factor as long as 'he acknowledges and considers the factors before discounting a claimant's subjective complaints.'" Halverson v.

Astrue, 600 F.3d 922, 932 (8th Cir. 2010) (quoting Moore v. Astrue, 572 F.3d 520, 524 (8th Cir. 2009)). Furthermore, the Court will generally defer to the ALJ's decision to discredit the claimant's complaints if the ALJ gave good reasons for doing so. Halverson, 600 F.3d at 932.

Review of the ALJ's decision shows that he considered the entire record. The Court will not substitute its opinion for that of the ALJ, who is in a better position to assess credibility. Here, the ALJ referred to the Polaski considerations and cited inconsistencies in the record to support his findings. The Court has carefully reviewed the record and determined the ALJ's finding that Plaintiff's subjective complaints were not fully credible was adequately explained and supported by the record as a whole.

D. Hypothetical Questions

Plaintiff insists that his due process rights were violated because he was not afforded the opportunity to cross-examine the VE and submit hypothetical questions. (DE #16, Plaintiff's Memorandum in Support of Motion for Summary Judgment or Remand, at p. 6) This argument lacks merit.

"Procedural due process under the Fifth Amendment requires that disability claimants be provided a full and fair hearing. Social security disability hearings are non-adversarial proceedings and therefore do not require full courtroom procedures." Passmore v. Astrue, 533 F.3d 658, 663-64 (8th Cir. 2008) (citing Hepp v. Astrue, 511 F.3d 798, 804 (8th Cir. 2008) (footnote and internal quotations omitted)). A determination of a claimant's claim "requires that he have the opportunity to present all of his evidence and to confront the evidence against him. This opportunity . . . is present where cross-examination is available where reasonably necessary to the full development of the case." Flatford v. Chater, 93 F.3d 1296, 1306-07 (6th Cir. 1996). On the other hand, "due process does not afford social

security claimants an absolute right to cross-examine individuals who submit a report." Passmore, 533 F.3d at 665.

The Court finds that the hypothetical questions posed to the VE accurately depicted Plaintiff's limitations. See Banks v. Astrue, 537 F. Supp.2d 75, 82 (D.D.C. 2008) (finding the ALJ's failure to inform pro se claimant of her right to cross-examine the VE did not warrant remand where the ALJ developed the record, the VE accurately depicted the claimant's limitations, and the claimant did not seek to question the VE or object to any statements by the VE).

E. Development of the Record

Plaintiff's final argument is that the ALJ failed to adequately develop the record. He contends that a consultative examination and a properly prepared psychiatric review technique form (PRTF) were necessary for a complete review of the severity of his impairments. (DE #16, Plaintiff's Memorandum in Support of Motion for Summary Judgment or Remand, at p. 12)

The ALJ bears a responsibility to develop the record fairly and fully, independent of the Plaintiff's burden to prove disability. See Snead v. Barnhart, 360 F.3d 834, 838 (8th Cir. 2004). This responsibility, however, does not ordinarily extend to seeking additional clarifying statements from treating physicians unless a crucial issue is undeveloped. Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004). "[The] ALJ is permitted to issue a decision without obtaining additional medical evidence as long as other evidence in the record provides a sufficient basis for the ALJ's decision." Warburton v. Apfel, 188 F.3d 1047, 1051 (8th Cir. 1999)(quoting Naber v. Shalala, 22 F.3d 186, 189 (8th Cir. 1994); Barrett v. Shalala, 38 F.3d 1019, 1023 (8th Cir. 1994)).

While regulations no longer require the ALJ to complete a PRTF and attach it to the decision, see Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain

Injury, 65 Fed. Reg. 50746, 50748 (Aug. 21, 2000), the ALJ's written decision is required to reflect application of the technique and explicitly include a specific finding as to the degree of limitation in each of the functional areas.

Here, the Court finds that there was no need for the ALJ to further develop the record, as no issue was left undeveloped. Further, the Court finds that the ALJ properly evaluated Plaintiff's mental impairments and noted his findings in the written opinion.

### IV. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Motion for Summary Judgment or for Remand (DE # 15) is denied. The Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 5th day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE